RULEY, JUDGE:
This claim grows out of an accident which happened at about 2:30 p.m. on February 29, 1972, when Tammy Lynn Priestley, who then was ten years of age and a fifth-grade student at Taft Elementary School, stepped into a hole in the sidewalk along Althea Street in Charleston. The hole apparently was related to a water line or meter and had been covered by a circular steel frame with a small lid or grating which fit inside it. At the time of the accident, the surrounding sidewalk was broken in numerous places, a part of the steel frame was missing, and the lid or grating also was missing. Tammy’s only significant injury consisted of a laceration about one inch long above her right knee which was closed with six sutures. Medical expense incurred as of the time of the hearing was under $100.00, but there was evidence that the cost of removing the residual scar would be about $1,000.00. Damages in the sum of $10,000.00 are sought.
It was stipulated that, as of February 29, 1972, the respondent had acquired the properties adjacent to Althea Street for interstate highway construction, and it was proven that buildings on those properties had been, and were being, demolished by contractors to whom the respondent had awarded a contract for that purpose.
There was evidence that this claim previously had been prosecuted in the Circuit Court of Kanawha County against the West Virginia Water Company, the Cleveland Wrecking Company, and the City of Charleston in Civil Action Number 24,894-C. It was proven that, in connection with that case, a *83 general release was executed on February 26, 1979, for the sum of $1,000.00, and that the action was dismissed with prejudice. Despite the fact that on that date Tammy still was a minor, there apparently was no judicial approval of that settlement.
While the hole in question certainly constituted a defect in the sidewalk, there is no evidence before the Court from which it can infer that the respondent had actual or constructive knowledge of it, and, in the exercise of ordinary care, should have repaired it before February 29, 1972. For those reasons, the Court cannot conclude that the respondent was guilty of negligence which proximately caused the accident and the resulting injury, and must disallow this claim. Other problems in the proof which may appear from the foregoing discussion of the claim are not considered.
Claim disallowed.